## BURR v. NAVARRO MILL CO.

### No. 15,576; February 13, 1894.

#### 35 Pac. 990.

**Appeal—Delay in Filing—Dismissal.**—An appeal not filed within the time prescribed by court rules will be dismissed, no good cause for the delay being shown, though no notice of the motion to dismiss was served on ·appellant's assignee in insolvency, he having, however, knowledge of the notice served on appellant's attorneys.

APPEAL from Superior Court, City and County of San Francisco; A. A. Sanderson, Judge.

Action by Maggie E. Burr against the Navarro Mill Company. Judgment for plaintiff. Defendant appeals. Appeal dismissed.

Young & Powers for appellant; A. Morgenthal for respondent.

PER CURIAM.—Respondent moved to dismiss the appeal upon the ground that it was not filed within the time prescribed by the rules of the court. It is apparent from the certificate of the clerk of the lower court that such is the fact; and the appeal must be dismissed, unless good cause for the delay appears.

The action is one for personal injuries, and a judgment was entered upon the verdict of the jury for the sum of $1,000 in favor of plaintiff. Subsequently defendant appealed the case to this court, and gave a bond with two sureties, staying execution upon the judgment. After the appeal was perfected and the stay bond given, the defendant was adjudged an insolvent debtor, an assignee was appointed, and an order made by the court staying all proceedings against the insolvent. Thereafter, upon application of respondent, the order was modified to the extent of allowing the present action to be prosecuted to final judgment, for the purpose of fixing the liability of the sureties upon the aforesaid bond. The attorneys representing the defendant in the trial of the case and on the appeal thereof were regularly served with no-

tice of the motion to dismiss now under consideration, but counsel for the assignee was not served with the notice, and now comes before the court asking for a continuance of the hearing, and also, in effect, objecting to the consideration of the matter because of a failure to serve notice upon him. The continuance was denied at the time, and his presence in court at the hearing was indicative of the fact that he had actual notice of the proceeding, and neither he nor the defendant's attorneys of record in the case make any showing upon the merits of the motion. It is ordered that the appeal be dismissed.